UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANA   SARDINAS   and   DEIBYS   SANCHEZ
SERRANO,

      Plaintiffs,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

      Defendant.

_____/

## DEFENDANT GEICO'S NOTICE OF REMOVAL

Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY, a foreign corporation, ("GEICO") by and through its undersigned counsel, files its "Notice of Removal" of this action, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No.: 15-4169-CA-01(30), to the United States District Court for the Southern District of Florida on the grounds of diversity of citizenship, 28 U.S.C. §§ 1332, 1441, and 1446, as set forth in detail below:

1.     Defendant, GEICO, is a foreign corporation, with its principal place of business in Chevy Chase, MD. Defendant, GEICO, is an automobile insurance carrier.

2.     Plaintiffs, ANA SARDINAS and DEIBYS SANCHEZ SERRANO, are citizens of Florida and currently reside in Miami-Dade County, Florida.

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II – 9150 SOUTH DADELAND BOULEVARD – SUITE 1400 – PO BOX 569015 – MIAMI, FLORIDA 33256 – (305) 350-5300 – (305) 373-2294 (FAX)

3.     Plaintiff filed an action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Ana Sardinas and Deibys Sanchez Serrano v. Government Employees Insurance Company* and was assigned Case No.: 15-4169-CA-01(30).  GEICO was served with the Complaint on March 17, 2015.  Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days of the receipt by Defendant, GEICO, of the initial pleading setting forth the alleged claim for relief upon which this action is based.  Copies of the Summons, Complaint, all papers and process served upon or received by GEICO, and all state Court Documents in Geico's possession are attached to this notice pursuant to 28 U.S.C. § 1446(a) as Exhibit "A".

4.     The United States District Court for the Southern District of Florida is the district in which the state court action was filed.  Removal to this Court is proper under 28 U.S.C. §§ 1332, 1441 and 1446 because, as shown below, this Court has "diversity" jurisdiction.

5.     Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.     The Complaint alleges an entitlement by the Plaintiffs of Uninsured Motorist Benefits pursuant to policy no.: 4091156929, and total amount of damages arising out of a December 4, 2012, automobile accident occurring in Miami-Dade County.

7.     At the time the Complaint was filed, at the time of removal, and at all relevant times, Plaintiffs, ANA SARDINAS and DEIBYS SANCHEZ SERRANO, were and are residents and citizens of the State of Florida.

8.     At the time this action was filed, at the time of this Notice of Removal and at all relevant times, GEICO was and currently is a Maryland corporation with its principal place of

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II – 9150 SOUTH DADELAND BOULEVARD – SUITE 1400 – PO BOX 569015 – MIAMI, FLORIDA 33256 – (305) 350-5300 – (305) 373-2294 (FAX)

business in Chevy Chase, MD. Accordingly, complete diversity exists between Plaintiffs and Defendant, GEICO.

9. Although Plaintiffs' Complaint seeks damages in excess of the sum of the Florida Circuit Court's minimum jurisdictional amount of $15,000.00, (Ex. "A" ¶ 1), nowhere does Plaintiffs attempt to limit their damage request.

10. Despite the fact that Plaintiffs only allege the state jurisdictional requirement in their Complaint, this Court may make an independent evaluation of the monetary value of the claim. Smith v. Executive Fund Life Ins. Co., 651 F. Supp. 269 (M.D. La. 1986); Craig v. Congress Sportswear, Inc., 645 F. Supp. 162 (D. Me. 1986); Lewis v. AT&T Corp., 898 F. Supp. 907, 909 (S.D. Fla. 1995); see also DeAguilar v. Boeing Co., 11 F.3d 55, 57 (5th Cir. 1993) (where the complaint contains no specification of damages, the Court will consider the allegations in the notice of removal).

11. Plaintiffs allege that the driver of the adverse vehicle was uninsured. Further, Plaintiffs allege that they have suffered bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, aggravation of an existing disease or physical defect, medical and nursing care and treatment, and lost earnings and the loss of ability to earn money in the future. (Ex. "A" ¶'s 7 and 14.

12. It is important to note that the applicable Uninsured Motorist limits of coverage pursuant to Geico policy no.: 4091156929 are $100,000 per person and $300,000 per occurrence, well above the jurisdictional minimum of $75,000.

13.     These allegations of damages and the insurance limits at issue are evidence that the amount in controversy in this action more likely than not exceeds the jurisdictional minimum. See Johnson, 836 F. Supp. at 395; see also Hogg v. Rust Industrial Cleaning Services, Inc., 896 F. Supp. 655 (E.D. Tex. 1995) (expansive, broad allegations as to the scope of damages are evidence that the amount in controversy could exceed the jurisdictional minimum.). Accordingly, a fair reading of the Complaint coupled with the experience of the undersigned counsel and the undersigned law firm in these types of claims and the magnitude of damage awards in state and federal courts in this district, reasonably indicate, by a preponderance of the evidence, that the amount in controversy in the instant action, exclusive of interest and costs, exceeds the sum of $75,000.00.  Lee v. Altamil Corp., 457 F. Supp. 979 (M.D. Fla. 1978) (where a plaintiff alleged serious permanent injury, substantial medical expenses and great pain and suffering, a fair reading of the complaint would place defendant on notice of the substantial damages involved).  Therefore, removal is appropriate.

8.     Defendant, GEICO is filing a copy of this notice with the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d).

14.     In removing this action, GEICO does not intend to waive any rights or defenses to which it is otherwise entitled, including but not limited to those set forth in Federal Rules of Civil Procedure 12(b) and 13.

15.     Based on the foregoing, Defendant, GEICO has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court by GEICO pursuant to 28 U.S.C. § 1441

because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED this __15th___day of April, 2015.

Respectfully Submitted,

Cole Scott & Kissane, P.A.
Attorneys for Defendant
Dadeland Centre II
9150 So. Dadeland Blvd., Suite 1400
Miami, FL 33156
Tel:  (786) 268-6813
Fax: (305) 373-2294

By:   /s/Henry Salas_____

Henry Salas, Esq., FBN: 815268
Email: henry.salas@csklegal.com
Alejandro M. Cura, Esq., FBN: 87563
Email: alejandro.cura@csklegal.com
Asst Email: hazel.colon@csklegal.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on this _15th_ day of April 2015, with the Clerk of Miami-Dade County by using the Florida Courts eFiling Portal and furnished by electronic mail (email) at email address: **Sanford M. Reinstein, Esq.,** Law Offices of Sanford M. Reinstein, P.A., 2890 Marina Mile Blvd., Suite 118, Ft. Lauderdale, Florida 33312, (hklemick@hotmail.com); and **Joseph M. Corey, Jr., Esq**., Law Offices of Joseph M. Corey, Jr., P.A., 900 West 49th St., Suite 206, Hialeah, Florida 33102.

By:   ___/s/Henry Salas _____
            Henry Salas

- 5 -



CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA



15-032322

ANA SARDINAS AND DEIBYS
SANCHEZ SERRANO

PLAINTIFF(S),

VS.

GEICO GENERAL INSURANCE COMPANY

DEFENDANT(S).
_____/

SUMMONS, COMPLAINT

| | |
|---|---|
| CASE #: | 15-4169 CA-01 |
| COURT: | CIRCUIT COURT |
| COUNTY: | DADE |
| DFS-SOP#: | 15-032322 |

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida. Said process was received in my office by SHERIFF on the 17th
day of March, 2015 and a copy was forwarded by Electronic Delivery on the 20th day of March,
2015 to the designated agent for the named entity as shown below.

GEICO GENERAL INSURANCE COMPANY
GEORGE W ROGERS
GOVERNMENT EMPLOYEES INSURANCE COMPANY
3535 WEST PIPKIN RD
LAKELAND, FL 33811

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

SANFORD M. REINSTEIN
2890 MARINA MILE BLVD.,
SUITE 118
FORT LAUDERDALE FL 33312

CYA

Division of Legal Services - Service of Process Section
200 East Gaines Street - P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 15-4169 CA 01

ANA SARDINAS and
DEIBYS SANCHEZ SERRANO,
           Plaintiffs,

v.

GEICO GENERAL INSURANCE COMPANY,
           Defendants
_____/

To Each Sheriff of Said State:
YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint on defendant:

**Insurance Commissioner, for**
**Geico General Insurance Company**
**200 East Gaines Street**
**Room: 545, Larson Building**
**Tallahassee, Florida. 32399**

SEAL
A TRUE COPY

SHERIFF, LEON COUNTY, FLORIDA

Written defenses to the complaint or petition on Plaintiff's attorney, to wit: Sanford M. Reinstein, Esq.

**Law Offices of Sanford M. Reinstein, P.A.**
**Sanford M. Reinstein, Esq.**
**2890 Marina Mile Blvd., Suite 118**
**Fort Lauderdale, FL 33312**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and
to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's
attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against
that defendant for the relief demanded in the complaint for petition.

DATED ON ___ MAR 6 - 2015 ___, 2015

SERVED THIS ____ DAY OF ____
20 ___ AT ___ A.M. ____ P.M.
MIKE WOOD, SHERIFF OF LEON COUNTY, FL
BY ____

Harvey Ruvin
as Clerk of said Court

By ____
     Deputy Clerk

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 15-4169 CA 01

ANA SARDINAS and
DEIBYS SANCHEZ SERRANO,
     Plaintiffs,

v.

GEICO GENERAL INSURANCE COMPANY,
     Defendants
_____/

## COMPLAINT

     The Plaintiffs, ANA SARDINAS and DEIBYS SANCHEZ SERRANO, by and through their undersigned attorney, file this their Complaint against Defendant, GEICO GENERAL INSURANCE COMPANY ( hereinafter referred to as "GEICO" ), and allege:

     1.    This is an action for damages in excess of $15,000. and is properly within the jurisdiction of this Court.

     2.    At all times material hereto, the Plaintiff, ANA SARDINAS, was a resident of Miami Dade County, Florida.

     3. At all times material hereto, the Plaintiff, DEIBYS SANCHEZ SERRANO, was a resident of Miami Dade County, Florida.

     4.    At all times material hereto, the Defendant, GEICO GENERAL INSURANCE COMPANY was a foreign corporation licensed to and doing business in Miami Dade County, Florida.

1

## COUNT I- Breach of Contract against Defendant, GEICO

5.      On or about December 3, 2012, Plaintiff, ANA SARDINAS, was the owner of a motor vehicle when she was struck by an uninsured motorist, Kailey Swindal. The uninsured motorist  operated her vehicle carelessly and negligently on the above date.

6.      At all times material hereto, the Defendant, GEICO, issued in exchange for a valuable consideration, a policy of automobile insurance to the Plaintiff, ANA SARDINAS, under policy number: 4091-15-69-29, which provided insurance benefits to the Plaintiff, ANA SARDINAS. Said policy provided  uninsured motorist coverage  which compensation to the Plaintiff herein if she sustains injury and damages incurred through the negligence of an uninsured or underinsured motorist. Plaintiff does not have in her possession a copy of said policy, however, Defendant, GEICO, has in its possession a copy of said policies.

7.      As a result of the negligence of the uninsured motorist, the Plaintiff, ANA SARDINAS, was injured in and about her body and extremities, suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of further ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

8.      That despite demands by the Plaintiff, ANA SARDINAS, to date, Defendant, GEICO, has refused and continues to refuse to honor the Plaintiff, ANA SARDINAS' request for payment under the applicable uninsured motorist provisions of the GEICO policy.

2

9.    That the Plaintiff, ANA SARDINAS, has demanded payment of uninsured motorist benefits from the Defendant, GEICO, but the Defendant has failed and refused to pay the same which is breach of the Defendant's insurance contract with Plaintiff, ANA SARDINAS.

10.    Plaintiff, ANA SARDINAS, has performed all conditions precedent to recovery.

WEREFORE, Plaintiff, ANA SARDINAS, sues the Defendant, GEICO, for uninsured motorist benefits provided under its policy with GEICO, plus court costs and such other relief as is just and proper and demands trial by jury.

## COUNT II- Breach of Contract against Defendant, GEICO

11.    On or about December 4, 2012, Plaintiff, DEIBYS SANCHEZ SERRANO, was struck by an uninsured motorist, Kailey Swindal. The uninsured motorist operated her vehicle carelessly and negligently on the above date.

12.    At all times material hereto, the Plaintiff, DEIBYS SANCHEZ SERRANO, had uninsured motorist coverage with Defendant, GEICO, which provides coverage and compensation to the Plaintiff, DEIBYS SANCHEZ SERRANO, herein if he sustains injury and damages incurred through the negligence of an uninsured or underinsured motorist.

13.    Plaintiff, DEIBYS SANCHEZ SERRANO, had uninsured motorist coverage available to him with GEICO under policy numbers: 4091-15-69-29. Plaintiff does not have in his possession a copy of said policy, however, Defendant, GEICO, has in its possession a copy of said policies.

14.    As a result of the negligence of the uninsured motorist, the Plaintiff, DEIBYS SANCHEZ SERRANO, was injured in and about his body and extremities, suffered

3

bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of further ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

15.     That despite demands by the Plaintiff, DEIBYS SANCHEZ SERRANO, to date, Defendant, GEICO, has refused and continues to refuse to honor the Plaintiff, DEIBYS SANCHEZ SERRANO's request for payment under the applicable uninsured motorist provisions of the GEICO policy.

16.     That the Plaintiff, DEIBYS SANCHEZ SERRANO, has demanded payment of uninsured motorist benefits from the Defendant, GEICO, but the Defendant has failed and refused to pay the same which is breach of the Defendant's insurance contract with Plaintiff, DEIBYS SANCHEZ SERRANO

17.     Plaintiff, DEIBYS SANCHEZ SERRANO, has performed all conditions precedent to recovery.

WEREFORE, Plaintiff, DEIBYS SANCHEZ SERRANO, sues the Defendant, GEICO, for uninsured motorist benefits provided under the policy with GEICO, plus court costs and such other relief as is just and proper and demands trial by jury.

4

DATED this  /9  day of February, 2015.

Law Offices of Sanford M. Reinstein, P.A.
2890 Marina Mile Blvd., Suite 118
Fort Lauderdale, FL 33312
(954) 792-1925
sreinstein@lawsmr.com

by Sanford M. Reinstein, Esq.
FL Bar No.: 305952

Law Offices of Joseph M .Corey, Jr., P.A.
900 West 49th Street, Suite 206
Hialeah, FL 33102
(305) 557-1750
coreylawoffice@bellsouth.net

By Joseph M. Corey, Jr., Esq.
FBN -333174

5